## GEO. BOONE AND WIFE *v.* JOHN A. ROBINSON'S ADMR.

Wills — Intention of Division — Devise in Trust for Life not Subject to Devisee's Debts.

A testator devises to his children all of his lands and personalty "to be vested in his executors, in trust for them, it being my express will that said lands, etc., shall not be held liable for any debts now owing, or which may be contracted by my said children or either of them," and gives his executors discretion to put the children in possession, and to resume possession at their own pleasure. Also to sell the whole or any part and appropriate the interest to the benefit and support of "the child to whom it may belong *during life and then to pass as above."* *Held,* to be a devise for the *personal* use of the devisee during life only, and not subject to his debts at any time contracted.

Personal Use of Land Devised — Descent.

Where only the personal use of land and personalty are devised for life, upon the death of the devisee, without issue, the estate descends to his surviving brothers and sisters.

APPEAL FROM NELSON CIRCUIT COURT.

Feb. 1, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

By the fourth clause of his will, the testator, George Robinson, devised all his estate not before disposed of, real, personal, and mixed, to his three children, decedent John A. Robinson being one, to be equally divided, but in a subsequent part of this clause he directs that:

"The title of the land and slaves devised by me to my children shall vest in my executors, in trust for them, it being my express will that said land and slaves shall not be held liable for any debts now owing, or which may be contracted by my said children, or either of them."

He then goes on to give his executors discretion to put all or either of the children in possession and to resume the possession at their own pleasure, also to sell the whole or any part when they may think advisable and appropriate the interest on the funds derived therefrom to the benefit and support of the child " to whom it may belong *during life and then to pass as above."*

We think it evident he only intended to devise the personal use of the land and slaves for life to these children, and in no event was either to be sold to pay debts then existing against them, or such as they should hereafter contract, in other words, he only intended to give them the right to use the land and slaves for life, and then they were to go to others, as indicated by the direction to " pass as above."

In the next preceding clause he devised a slave girl to his half sister, Sarah,

> " To hold during her life and if she die without issue of her body, either children or grandchildren living, then said girl is to pass *to my children or descendants as my other estate is directed to pass,* but if at *her death she hath heirs of her body living, such heir or heirs are to inherit* said slave and her increase."

This indicates the intention to give a life interest both to his half sister and his children, and should they have issue of their bodies, then such issue to take, but if none, then the property devised to each to pass to his other children or their descendants.

As Jno. A. Robinson did not hold the fee, but a mere right to the personal use of the land and slaves devised to him, on his death without issue, these went to his surviving brother and sister, and the judgment of sale at the instance of his administrator to pay his debts was erroneous.

We have not noticed the informalities in the proceedings, because on the return of the cause the petition and amended petition should be dismissed absolutely, so far as they relate to the land and slaves.

Wherefore, the judgment is reversed with directions for further proceedings according hereto.